IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHAN SOO KIM
and XTENPLUS INTERNATIONAL, INC.,
        Plaintiffs,

v.                                                     Civil Action No. 3:17-CV-00449-JAG

GREEN TEA IDEAS, INC.,
        Defendant.

## OPINION

The plaintiffs, Chan Soo Kim and Xtenplus International, Inc. ("Xtenplus"), sued Green Tea Ideas, Inc. ("GTI"), for infringing Claim 10 of United States Patent No. 7,461,662 ("662 Patent"), entitled "Hair Clip." GTI moved to dismiss the plaintiffs' amended complaint. The plaintiffs have not adequately pled which features of the allegedly infringing hair clips correspond to the limitations in the 662 Patent or how those features infringe the patent. The Court will therefore dismiss the amended complaint, but will grant the plaintiffs leave to amend.

## I. BACKGROUND

On December 9, 2008, the United States Patent and Trademark Office issued the 662 Patent, listing Chan Soo Kim as the inventor. Plaintiff Xtenplus holds the exclusive license to the patent. Claim 10 of the 662 Patent, at issue in this case, reads as follows:

> 10. A hair clip comprising:
> a lower clip piece;
> an upper clip piece connected to said lower clip piece through a pivot connection that has a hinge pin and a coil spring, said upper clip piece having a bottom portion that defines a concavity portion for use in defining a hair holding space to hold the hair of a user in a bundled state;
> a finger connected to said upper clip piece through a pivot connection, said finger used for holding the hair of the user in a bundled state; and

a guide loop connected to a rear end portion of said finger through a pivot connection, said guide loop used for preventing hair from entering a joint portion defined by said finger and said upper clip piece;
wherein said upper clip piece defines a hold eye, and wherein the rear end portion of said guide loop is located in said hold eye for use in preventing hair from entering the joint portion of said finger and said upper clip piece.

(Am. Compl., Exh. 1, at 13.) When a user opens the hair clip, the clip holds the hair in a "holding space, and the finger and the guide loop are moved as a link mechanism." (Am. Compl., at ¶ 11.) The clip prevents hair in a "bundled state" from entering the joint portion, as described in Claim 10.[1]

GTI, Everglory Creations, Inc. ("Everglory"), Fromm International ("Fromm"), and Drybar Holding LLC ("Drybar"), form a "stream of commerce" involving the allegedly infringing hair clips ("Accused Product"), advertised as the "Drybar Hold Me Hair Clips." (Am. Compl., at ¶¶ 10, 14.) On October 27, 2010, Mr. Kim and his company, Saebum Beauty, entered into a licensing agreement with Xtenplus, Everglory, and YUCK Corporation.[2] On September 27, 2012, Mr. Kim and Saebum Beauty signed another licensing agreement with Everglory.

In October 2016, Everglory represented it would stop manufacturing and selling the Accused Product, including to GTI, but later asserted it had a license and would continue to sell. On December 13, 2016, Xtenplus and Saebum Beauty sent a letter to Everglory, stating Everglory did not have distribution rights and had breached the licensing agreements. The letter also purported to terminate both agreements. Everglory then sent a letter to Xtenplus and Saebum Beauty on April 12, 2017, purporting to terminate both licensing agreements for breach of contract. This letter also stated that the 662 Patent did not cover Everglory's hair clips.

---

[1] When in a "bundled state," the clip grasps hair and "thus has extended and changed its shape." (Mot. Dismiss, at 13.) When the clip is "unbundled," it does not grasp hair. (*Id.*)
[2] The Court may consider the license agreements because GTI attached them to its motion to dismiss, the agreements are integral to the claims in the complaint, and the plaintiffs do not dispute their authenticity. *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006).

Before ruling on GTI's motion to dismiss the complaint, the Court granted the plaintiffs leave to amend. In their amended complaint, the plaintiffs allege that GTI uses, imports, sells, or offers for sale the Accused Product in the United States, and that GTI induces customers in the United States to use the Accused Product, causing those customers to infringe the 662 Patent. The plaintiffs also request enhanced damages. GTI moved to dismiss the amended complaint.

## II. DISCUSSION[3]

### 1. *Direct Infringement*

Courts must strictly apply the *Iqbal* and *Twombly* pleading requirements to patent infringement cases. *Jenkins v. LogicMark, LLC*, No. 3:16-cv-751, 2017 WL 376154, at *3 (E.D. Va. Jan. 25, 2017). To prove patent infringement, a plaintiff must show that the accused product contains "each and every claim element or its equivalent." *W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 874 F. Supp. 2d 526, 541 (E.D. Va. 2012), *aff'd*, 530 F. App'x 939 (Fed. Cir. 2013). Literal infringement requires the accused product to contain each exact claim limitation, while the doctrine of equivalents enables courts to find infringement if the elements contain "insubstantial differences[,]...but retain[] the invention's essential identity." *Id.*

---

[3] GTI moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

To plead patent infringement, a plaintiff must first identify which patent claims the defendant infringed. *Jenkins*, 2017 WL 376154, at *3. The plaintiff must also specify which features of an accused product correspond to the limitations in the allegedly infringed patent. *Id.* Moreover, the plaintiff must identify with "particularity *how* each allegedly infringing feature of the accused product[] infringes" the patent, literally or under the doctrine of equivalents. *Id.*

The plaintiffs allege that GTI infringed Claim 10 of the 662 Patent, but they fail to specify which features of the Accused Product correspond to the claim limitations. *See Jenkins*, 2017 WL 376154, at *3. Instead, they merely copy and paste the patent language, and insert a photograph of the unbundled Accused Product with written notations of some claim elements. *See Macronix Intern. Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014) (dismissing complaint that "parroted the claim language for each element").[4] This does not allow GTI to discern which features of the Accused Product infringe which elements of Claim 10. *See Jenkins*, 2017 WL 376154, at *3. Moreover, the photo fails to address whether the Accused Product infringes the bundled claim limitations. Lastly, the plaintiffs do not identify *how* each feature of the Accused Product infringes the patent. *See Macronix*, 4. F. Supp. 3d at 804.

The amended complaint thus fails to satisfy the pleading requirements for direct infringement, but the Court will grant the plaintiffs leave to amend.[5]

## 2. *Induced Infringement*

A party who induces patent infringement "shall be liable as an infringer," 35 U.S.C. § 271(b), if the plaintiff shows that the inducer knew about the patent, knowingly induced

---

[4] Perhaps worse than parroting claim language, the plaintiffs defend the amended complaint by simply referring GTI and the Court to the patent itself. This pleading method fails to give GTI notice of what it needs to defend. *Macronix*, 4 F. Supp. 3d at 804.

[5] Because the plaintiffs may amend, this Opinion need not address enhanced damages, but courts only award enhanced damages in "egregious cases of misconduct beyond typical infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).

4

infringement, and specifically intended to encourage another's infringement. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). "[I]nducement liability may arise if, but only if, there is...direct infringement." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014) (internal quotation and citation omitted).

The plaintiffs fail to state a claim for direct infringement, so their claim for induced infringement cannot succeed; nevertheless, the Court will grant leave to amend as to both types.

### 3. *Patent Exhaustion*

Finally, GTI alleges that the doctrine of patent exhaustion bars the plaintiffs' claims. When a patentee sells its product, the patentee can no longer control that product through patent laws; in other words, the patent rights "exhaust." *Impression Prods., Inc. v. Lexmark Int'l, Inc.*, 137 S. Ct. 1523, 1529 (2017). If a licensee sells the product, the licensee's sale exhausts the patentee's rights if the sale complies with the license. *Id.* at 1535.

The Court will consider patent exhaustion if GTI renews it, but the issues surrounding license compliance in this case signify that the Court should not dismiss on exhaustion grounds at this stage. *See, e.g., Audio MPEG, Inc. v. Dell Inc.*, 272 F. Supp. 3d 813, 820 (E.D. Va. 2017) (considering exhaustion at the summary judgment stage).

### III. CONCLUSION

Because the plaintiffs do not adequately plead patent infringement, the Court will grant GTI's motion to dismiss, but will allow the plaintiffs leave to amend their complaint.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: March 6, 2018
Richmond, VA

/s/ K.J.
John A. Gibney, Jr.
United States District Judge